**Donald Ray PATTERSON,
Petitioner–Appellant,**

v.

**Terry L. STEWART, Respondent–
Appellee.**

No. 00–15034.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 13, 2001

Filed May 30, 2001

**1244**

Jason D. Hawkins, Assistant Federal Public Defender, Sylvia J. Lett, Phoenix, Arizona, for the petitioner-appellant.

John Pressley Todd, Assistant Attorney General, Criminal Appeals Section, Phoenix, Arizona, for the respondent-appellee.

Before: REINHARDT, RYMER and FISHER, Circuit Judges.

FISHER, Circuit Judge:

On June 19, 1998, Donald Ray Patterson filed a petition for writ of habeas corpus in federal court challenging the constitutionality of his conviction for sexual assault, kidnapping, aggravated assault

and burglary. The district court dismissed Patterson's petition as untimely, concluding that Patterson had filed his petition one day too late. Patterson now appeals, claiming the district court failed to calculate the limitations period properly, and in so doing denied him the benefit of one crucial day—the day on which he filed his petition. To resolve this question, we must decide the proper method for calculating the one-year grace period for federal habeas corpus petitioners whose convictions became final before the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was enacted. We hold that Federal Rule of Civil Procedure 6(a), the general rule for counting time in federal courts, applies to the calculation of the one-year grace period and, accordingly, that Patterson's federal petition—when credited with applicable statutory tolling—was timely.[1]

*Background*

An Arizona jury convicted Patterson in 1990 of the 1984 rape of a woman whose identification testimony was the principal evidence against him at trial. He vigorously maintained his innocence, contending the victim's identification was erroneous.

Shortly after his trial, Patterson moved to vacate the judgment based on new evidence that allegedly called the victim's identification of Patterson into question. After a hearing, the trial court denied his motion. Patterson then appealed his conviction to the Arizona Court of Appeals and to the Arizona Supreme Court, arguing his conviction was based on inconsistent verdicts. The Arizona Court of Appeals denied his appeal on September 30, 1993, and the Arizona Supreme Court denied review on May 17, 1994.

---

**1.** We resolve the remainder of the issues presented by Patterson's appeal in a separate, unpublished disposition.

On April 19, 1994, Patterson filed a pro se petition for postconviction relief with the trial court claiming, among other things, that his trial and appellate counsel had been ineffective for failing to raise issues relating to the suppression of the victim's identification. After the trial court denied his petition, Patterson pursued postconviction relief before the Arizona Court of Appeals. On January 28, 1997, the court of appeals dismissed Patterson's petition as untimely. Patterson sought review by the Arizona Supreme Court; however, the court denied his petition on June 19, 1997.

■ One year later, on June 19, 1998, Patterson filed two pro se habeas petitions in federal court for the District of Arizona, pressing his ineffective assistance of counsel claims.[2] The State of Arizona moved for summary judgment on the merits and because Patterson's habeas petitions were untimely under the one-year statute of limitations of 28 U.S.C. § 2244(d). The district court dismissed the petition, concluding that Patterson's petition had been filed one day too late.

I

■ This Court reviews de novo a district court's dismissal of a petition for a writ of habeas corpus on statute-of-limitations grounds. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999). Because Patterson's petition was filed after AEDPA's effective date, on April 24, 1996, the provisions of that Act apply to this case. *See Smith v. Robbins*, 528 U.S. 259, 268 n. 3, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

■ AEDPA imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court. 28 U.S.C. § 2244(d)(1).[3] State prisoners, like Patterson, whose convictions became final prior to AEDPA's enactment, had a one-year grace period in which to file their petitions. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1286 (9th Cir. 1997), *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 540 (9th Cir.1998) (en banc). This court has stated, in dictum, that the one-year grace period expired on April 23, 1997. *Calderon (Beeler)*, 128 F.3d at 1287. Patterson, however, contends the grace period actually expired on April 24, 1997. Patterson's argument regarding the extra day hinges on whether Federal Rule of Civil Procedure 6(a) governs the calculation of the relevant limitations period.

Fed.R.Civ.P. 6(a), the general rule for counting time in federal courts, reads:

from the latest of—(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

**2.** Although Patterson's federal habeas petition is stamped "June 24, 1998," he actually delivered his petition to prison authorities on June 19, 1998. Under the prison "mailbox rule" set forth in *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a pro se petitioner's petition is deemed constructively filed at the moment it is delivered to prison officials to be forwarded to the court clerk. Additionally, Patterson ultimately refiled the two petitions as a single petition.

**3.** Section 2244(d) provides, in pertinent part: A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run

In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

Thus, if Rule 6(a) is applied to AEDPA's one-year grace period, the day of AEDPA's enactment, April 24, 1996, would be excluded from the one-year grace period. The limitations period would then have begun to run on April 25, 1996 and would have expired one year later, on the anniversary of AEDPA's enactment, April 24, 1997 (assuming the absence of statutory tolling).

We are not the first Circuit to be presented with the question of Fed.R.Civ.P. 6(a)'s applicability to AEDPA's one-year grace period. To the contrary, the issue has been thoughtfully considered by many of our sister circuits. Every circuit to address specifically whether Fed.R.Civ.P. 6(a) applies to the calculation of AEDPA's limitations period has answered in the affirmative. *See Rogers v. United States,* 180 F.3d 349, 355, n. 13 (1st Cir.1999), *cert. denied,* 528 U.S. 1126, 120 S.Ct. 958, 145 L.Ed.2d 831 (2000); *Mickens v. United States,* 148 F.3d 145, 148 (2nd Cir.1998); *Hernandez v. Caldwell,* 225 F.3d 435, 436 (4th Cir.2000); *Flanagan v. Johnson,* 154 F.3d 196, 200–02 (5th Cir.1998); *Bronaugh v. Ohio,* 235 F.3d 280, 284–85 (6th Cir. 2000); *United States v. Marcello,* 212 F.3d 1005, 1009–10 (7th Cir.2000); *Moore v. United States,* 173 F.3d 1131, 1135 (8th Cir.1999); *see also United States v. Cicero,* 214 F.3d 199, 202 (D.C.Cir.2000) (holding

that the limitations period expired on April 24, 1997, without explicitly discussing the application of Rule 6(a)).[4] In at least three of the cases applying Rule 6(a), the exact beginning and ending date of the limitations period was dispositive of the timeliness issue, just as it is here. *See Hernandez,* 225 F.3d at 438; *Moore,* 173 F.3d at 1132–33, 1135; *Flanagan,* 154 F.3d at 197. Thus, applying Rule 6(a) to AEDPA's one-year grace period for filing petitions challenging pre-AEDPA convictions will bring our Circuit in line with the reasoned position of a majority of circuits on this issue.

We are satisfied that Rule 6(a) provides a reasonable basis for determining the appropriate ending of the grace period. Rule 6(a) is widely applied to federal limitations periods. The Supreme Court has held that because Rule 6(a) had the concurrence of Congress, it can apply to "any applicable statute" in the absence of contrary policy expressed in the statute. *Union Nat'l. Bank v. Lamb,* 337 U.S. 38, 40–41, 69 S.Ct. 911, 93 L.Ed. 1190(1949). Here, AEDPA does not provide an alternative method for computing time periods, and Congress has not otherwise expressed an intent to preclude the application of Rule 6(a). Furthermore, the "anniversary method" of Rule 6(a) has the advantage of being easier for petitioners, their attorneys and the courts to remember and apply. *See Marcello,* 212 F.3d at 1010. We therefore hold that AEDPA's one-year grace period for challenging convictions finalized before AEDPA's enactment date is governed by Rule 6(a) and ended on April 24, 1997 in the absence of statutory tolling. Further, we hold that Rule 6(a) governs the calculation of statutory tolling applicable to the one-year grace period.[5] With

---

**4.** The only Circuits espousing the April 23, 1997 deadline are those that have not specifically addressed the applicability of Fed. R.Civ.P. 6(a) to AEDPA's one-year grace period. *See Calderon (Beeler),* 128 F.3d at 1287; *Burns v. Morton,* 134 F.3d 109, 111–12 (3d Cir.1998); *Goodman v. United States,* 151

F.3d 1335, 1337 (11th Cir.1998); *United States v. Simmonds,* 111 F.3d 737, 746 (10th Cir.1997). Further, the exact date of the expiration of the limitations period was not dispositive in these cases.

**5.** We disavow the dicta to the contrary set forth in such cases as *Dictado v. Ducharme,*

this in mind, we must therefore determine whether Patterson's June 19, 1998 petition was timely in light of applicable statutory tolling.

## II

The statute of limitations had clearly expired by the time Patterson filed his federal habeas petition on June 19, 1998. Thus, Patterson's federal petition is timely only if his state court petitions tolled AEDPA's statute of limitations for all but 365 days or less between the date on which the statute of limitations began to run and the filing of his federal petition several years later. In other words, Patterson's petition is timely only if the limitations clock was actually running (i.e. not tolled) for a period totaling a year or less—the one-year grace period.

AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue. *Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000). Patterson filed his first state petition on April 19, 1994, well before AEDPA's enactment. His petition was ultimately denied by the Arizona Supreme Court on June 19, 1997. Patterson is therefore entitled to statutory tolling from the time of AEDPA's enactment through June 19, 1997.[6] *Id.* Excluding the day on which Patterson's petition was denied by the Supreme Court, as required by Rule 6(a)'s "anniversary method," the one-year grace period began to run on June 20, 1997 and expired one year later, on June 19, 1998—the very day on which Patterson filed his petition with the federal district court. Patterson's federal petition for writ of habeas corpus, was, therefore, timely.

## Conclusion

Because Patterson's petition for writ of habeas corpus was timely filed, we must reach the merits of his petition. We do so in a separate, unpublished memorandum disposition filed concurrently herewith affirming the trial court's dismissal of the petition.

AFFIRMED.

---

244 F.3d 724, 726 (9th Cir.2001); *Green v. White,* 223 F.3d 1001, 1003 (9th Cir.2000); *Saffold v. Newland,* 224 F.3d 1087, 1088 (9th Cir.2000); and *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999).

6. Despite the Arizona Court of Appeals' ruling that Patterson's petition was untimely, the state does not contest that Patterson's state court petitions were properly filed and tolled the statute of limitations during their pendency.