Hector Santiago SALGADO,
Petitioner–Appellant,

v.

Rosie B. GARCIA, Warden; Attorney
General of the State of California,
Respondents–Appellees.

No. 99–55918.

D.C. No. CV–98–09700–DT–SH.

United States Court of Appeals,
Ninth Circuit.

Submitted June 6, 2001.*

Decided June 13, 2001.

Before D.W. NELSON, FERNANDEZ,
and RYMER, Circuit Judges.

MEMORANDUM **

Petitioner, Hector Santiago Salgado, appeals the district court's dismissal of his petition for writ of habeas corpus as untimely. We reverse.

It is now clear that AEDPA's one-year state of limitations runs from the day *after* a conviction becomes final. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir.2001) (holding that Federal Rule of Civil Procedure 6(a) applies to calculation of AEDPA's one-year grace period). It is also established that "the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999). Since Salgado's conviction became final on October 14, 1997, his state habeas petition, filed on October 14, 1998, was timely. His federal habeas petition, filed on December 3, 1998, was also timely because the California Supreme Court did not reject his final collateral challenge until January 13, 1999.

We decline to address the respondents' additional arguments, which were not included in the Certificate of Appealability ("COA"). *See Hiivala v. Wood*, 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam) (holding that AEDPA limits the scope of appellate review to issues specified in the COA and that the proper procedure for

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2)

** This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36–3.

broadening the scope of the appeal is to file a motion).

REVERSED and REMANDED.

