**Barry Irwin RUFF, Petitioner–Appellant,**

v.

**Linda CLARKE, Warden, Respondent–Appellee.**

No. 00–55329.

D.C. No. CV–99–12983–ABC–RNB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided Aug. 1, 2001.

Before RYMER and RAWLINSON, Circuit Judges, and RESTANI,* CIT Judge.

MEMORANDUM **

Barry Irwin Ruff ("Ruff"), appeals the district court's order denying his 28 U.S.C. § 2254 petition for writ of habeas corpus as untimely. Because Ruff's petition was filed after the effective date of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), the provisions of that Act apply to his case. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir.2001). AEDPA imposes a one-year statute of limitations on habeas corpus petitions filed by

---

* The Honorable Jane Restani, Judge for Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

state prisoners in federal court. *See* 28 U.S.C. § 2244(d)(1). State prisoners, like Ruff, whose convictions became final prior to AEDPA's enactment, have a one-year grace period in which to file their petitions in federal court. *See Patterson* at 1245. We review the district court's dismissal of Ruff's petition *de novo. See id.*

Pursuant to § 2244(d) of AEDPA, Ruff's petition was untimely. However, Ruff claims that he is actually innocent and that a showing of actual innocence is an exception to the limitations period. Assuming, without deciding, that an actual innocence exception exists, Ruff has not made the requisite showing. *See Carriger v. Stewart,* 132 F.3d 463, 478 (9th Cir.1997) (en banc). However long or short the conspiracy was, Ruff has failed to establish that he is actually innocent of the conspiracy to commit murder on August 10 or 11, 1990. Nor is there any new evidence that makes it more likely than not that no reasonable juror would have convicted Ruff. *See Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

Ruff also failed to meet the required showing for equitable tolling. *See Green v. White,* 223 F.3d 1001, 1003 (9th Cir. 2000) (holding that equitable tolling is available only where extraordinary circumstances beyond petitioner's control make it impossible to file a timely petition).

AFFIRMED.