**Bennie KYLE, Petitioner–Appellant,**

v.

**William DUNCAN, Warden; Attorney General of the State of California, Respondents–Appellees.**

**No. 00–55670.**

**D.C. No. CV–99–05069–CBM.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2001.*

Decided Aug. 1, 2001.

Before RYMER and RAWLINSON, Circuit Judges, and RESTANI,** CIT Judge.

MEMORANDUM ***

Bennie Kyle ("Kyle"), appeals the district court's order denying his 28 U.S.C. § 2254 petition for writ of habeas corpus as untimely. Because Kyle's petition was filed after the effective date of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), the provisions of that Act apply to his case. *See Patterson v. Stewart,* 251 F.3d 1243, 1245 (9th Cir.2001). AEDPA imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court. *See* 28 U.S.C. § 2244(d)(1). State prisoners, like Kyle, whose convictions became final prior to AEDPA's enactment, have a one-year

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jane Restani, Judge for Court of International Trade, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

grace period in which to file their petitions in federal court. *See Patterson* at 1245. We review the district court's dismissal of Kyle's petition *de novo. See id.*

Pursuant to § 2244(d) of AEDPA, Kyle's petition was untimely. However, Kyle claims that he is actually innocent and that a showing of actual innocence is an exception to the limitations period. Assuming, without deciding, that an actual innocence exception exists, Kyle has not made the requisite showing. *See Carriger v. Stewart*, 132 F.3d 463, 478 (9th Cir.1997) (en banc). Kyle's bare allegations that other individuals actually committed the crimes are not sufficient. Nor is there any new evidence about Markay that makes it more likely than not that no reasonable juror would have convicted Kyle. In addition, Kyle has not submitted sufficient proof that he did not commit some or all of the prior convictions used to enhance his sentence.

Because Kyle failed to prove that he was actually innocent, no basis exists for reversing the district court's ruling.[1]

AFFIRMED.

---

1. We also deny Kyle's request for an expanded Certificate of Appealability. Jurists of reason would not find it debatable whether the district court was correct in its ruling on tolling during the pendency of federal petitions, *Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 2129–31, 150 L.Ed.2d 251 (2001), or equitable tolling, *Allen v. Lewis*, 255 F.3d 798, 799–801 (9th Cir.2001).