Anthony BURTON, Petitioner–
Appellant,

v.

J.W. FAIRMAN, Jr., Warden; Attorney
General of the State of California;
County of Los Angeles, Respondents–
Appellees.

No. 99–55000.

D.C. No. CV–98–03915–ABC–SH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 12, 2001.

Decided Aug. 15, 2001.

Before RYMER and RAWLINSON,
Circuit Judges, and RESTANI,* CIT
Judge.

### MEMORANDUM **

Anthony Burton ("Burton"), appeals the district court's order denying his 28 U.S.C. § 2254 petition for writ of habeas corpus as untimely. Because Burton's petition was filed after the effective date of the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), the provisions of that Act apply to his case. *See Patterson v. Stewart,* 251 F.3d 1243, 1245 (9th Cir.

---

* The Honorable Jane Restani, Judge for Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

2001). AEDPA imposes a one-year statute of limitations on habeas corpus petitions filed by state prisoners in federal court. *See* 28 U.S.C. § 2244(d)(1). State prisoners, like Burton, whose convictions became final prior to AEDPA's enactment, have a one-year grace period in which to file their petitions in federal court. *See Patterson* at 1245. We review the district court's dismissal of Burton's petition *de novo. See id.*

■ Pursuant to § 2244(d) of AEDPA, Burton's petition was untimely. However, Burton claims that he is actually innocent and that a showing of actual innocence is an exception to the limitations period. Assuming, without deciding, that an actual innocence exception exists, Burton has not made the requisite showing. *See Carriger v. Stewart*, 132 F.3d 463, 478 (9th Cir.1997) (en banc). Ronald Washington's letter, alleging prosecutorial misconduct during Burton's trial, is not sufficient proof of Burton's innocence, given Derek Washington's similar testimony, inculpating Burton during trial.

■ Burton's contention that the limitations period did not begin to run until Ronald's letter was authenticated by the handwriting expert also fails. Burton was aware of the factual predicate for his actual innocence claim when Ronald's letter was received. *See Hasan v. Galaza*, 254 F.3d 1150, 1154, n. 3 (9th Cir.2001) (holding "[t]ime begins when the prisoner knows ... the important facts, not when the prisoner recognizes their legal significance."). Burton's petition was therefore, untimely.

Burton's equitable tolling arguments also fail. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283 (9th Cir.1997), *overruled in part on other grounds by Calderon v. United States District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998) (en banc) (setting forth AEDPA standard of extraordinary circumstances beyond prisoner's control that made it impossible to file petition on time); *Allen v. Lewis*, 255 F.3d 798, 799–801 (9th Cir. 2001) ("It will normally be much more difficult for a prisoner to demonstrate [that the 'extraordinary circumstances' were the but-for and proximate cause of untimeliness] where he encounters the 'extraordinary circumstances' in the beginning or middle of the limitations period than where he encounters them at the end of the limitations period.")

AFFIRMED.