**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Douglas P. GUSTAFSON,**
**Defendant–Appellant.**

**No. 98–35607.**

**D.C. No. CR 92–00073 JKS.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2001.*

Decided Aug. 24, 2001.

Before SCHROEDER, Chief Judge, and T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Douglas Gustafson appeals the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate his federal conviction and sentence arising out of a mail bombing conspiracy. The district court dismissed the motion as barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) statute of limitations. We have jurisdiction pursuant to 28 U.S.C. § 2253(a) and review the district court's dismissal de

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

novo. *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999). We affirm.

Because Gustafson's conviction was final in 1993, the one-year limitations period expired on April 24, 1997. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Gustafson's motion, filed June 23, 1997, is untimely unless he can show that "extraordinary circumstances" beyond his control made it impossible for him to file a timely motion. *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998) (en banc). The district court properly concluded that Gustafson's lockdown in disciplinary segregation 23½ hours a day, limited access to the law library, limited ability to correspond, limited access to news outside of the prison, and counsel's alleged inaction seven years ago did not make it impossible for Gustafson to file a timely motion. Despite these restrictions, the defendant filed his § 2255 motion with the court. The record shows that the defendant's failure to act, rather than extraordinary circumstances beyond his control, caused the delay in filing the § 2255 motion. *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1287–89 (9th Cir.1997), *overruled on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir.1998) (en banc), *cert. denied*, 526 U.S. 1060, 119 S.Ct. 1377, 143 L.Ed.2d 535 (1999). No equitable tolling is warranted.

AFFIRMED.