**Derrick Lamont PRINCE, Petitioner— Appellant,**

v.

**R.Q. HICKMAN, Warden, Respondent— Appellee.**

No. 01–15680.

D.C. No. CV–98–00913–MHP.

United States Court of Appeals, Ninth Circuit.

Sept. 10, 2001 *.

Decided Sept. 24, 2001.

Before HUG, PREGERSON, and WARDLAW, Circuit Judges.

MEMORANDUM **

California state prisoner Derrick Lamont Prince appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition on statute of limitations grounds. We have jurisdiction under 28 U.S.C. § 2253, review de novo, *Patterson v. Stewart,* 251 F.3d 1243, 1245 (9th Cir.2001), and reverse and remand.

Prince contends that his section 2254 petition is timely under *Nino v. Galaza,* 183 F.3d 1003 (9th Cir.1999), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000).

Prince's convictions became final prior to the enactment of the AEDPA, there-

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

fore, he had until April 24, 1997, to file his section 2254 petition. *Patterson*, 251 F.3d at 1246. However, the period from April 16, 1997 to February 25, 1998, is tolled because Prince had properly filed post-conviction petitions pending in state court. 28 U.S.C. § 2244(d)(2); *Nino*, 183 F.3d at 1004–06 (concluding that the statute of limitations must be tolled during entire period in which petitioner is pursuing and exhausting state remedies); *Dictado v. Ducharme*, 244 F.3d 724, 726 (9th Cir.2001) (determining that a state petition is properly filed when it is delivered and accepted by the court for filing).

Accordingly, as the government concedes, Prince's federal petition filed on March 4, 1998, is timely.

REVERSED and REMANDED.