**Ronald B. BUTLER, Petitioner–Appellant,**

**v.**

**G.A. MUELLER; Attorney General of the State of California, Respondents–Appellees.**

**No. 01–15031.**

**D.C. No. CV–99–01405–LKK.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 17, 2001 *.

Decided Nov. 26, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before RONEY,** HUG, and THOMAS, Circuit Judges.

### MEMORANDUM ***

Ronald Butler appeals the district court's dismissal of his federal habeas cor-

pus petition as untimely under 28 U.S.C. § 2244(d). We reverse and remand for further proceedings. Because the parties are familiar with the factual and procedural history of this case, we do not recount it here.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1). For petitioners like Butler, whose convictions became final before the passage of the AEDPA, the one-year limitations period began running on April 25, 1996, the day after the statute's effective date, and expired on April 24, 1997, unless it was tolled. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.2001).

■ The AEDPA's limitations period is statutorily tolled during the time that a "properly filed application" for post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). Relying on *Dictado v. Ducharme*, 189 F.3d 889, 892 (9th Cir.1999) ("*Dictado I*"), *withdrawn*, 244 F.3d 724, 726 (9th Cir.2001), the district court held that Butler was not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because his state habeas corpus petitions contained claims that were procedurally barred, and thus were not "properly filed." Subsequently, the Supreme Court held that a "properly filed application" within the meaning of § 2244(d)(2) need not contain claims that are free of procedural bar. *Artuz v. Bennett*, 531 U.S. 4, 8–10, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). Thereafter, we withdrew *Dictado I* and conformed our circuit law to the intervening Supreme Court decision. *Dictado v. Ducharme*, 244 F.3d

---

** The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

724, 726–27 (9th Cir.2001) ("*Dictado II*"). Under *Bennett* and *Dictado II,* Butler's state habeas corpus petitions tolled the AEDPA's one-year limitations period.

Respondents argue that Butler is not entitled to statutory tolling because none of the claims alleged in his first state habeas corpus petition were subsequently alleged in his federal petition. Respondents cite the Sixth Circuit's decision in *Austin v. Mitchell,* 200 F.3d 391 (6th Cir. 1999), for the proposition that a state habeas corpus petition that does not address one or more of the grounds of the federal petition does not toll the AEDPA's one-year limitations period. *See Austin,* 200 F.3d at 395. However, we have refused to adopt the Sixth Circuit's holding in *Austin. See Tillema v. Long,* 253 F.3d 494, 502 n. 10 (9th Cir.2001). Under our circuit law, the "AEDPA's period of limitation is tolled during the pendency of a state application challenging the pertinent judgment, even if the particular application does not include a claim later asserted in the federal habeas petition." *Id.* at 502. Because each of Butler's state habeas corpus petitions challenged his conviction, as does his federal petition, Butler is entitled to statutory tolling during the pendency of his state petitions.

■ The tolling of the AEDPA's one-year limitations period commenced with the filing of Butler's first state habeas corpus petition and terminated when the California Supreme Court's last denial of his petition became final. *See Nino v. Galaza,* 183 F.3d 1003, 1006 (9th Cir.1999); *Bunney v. Mitchell,* 262 F.3d 973, 974 (9th Cir.2001) (per curiam). Butler gave to prison officials his first habeas corpus petition for delivery to the state superior court on April 19, 1997. Under the prison "mailbox rule" set forth in *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), a pro se petitioner's application is deemed constructively filed at the moment that it is delivered to prison officials to be forwarded to the court clerk. *Patterson,* 251 F.3d at 1245 n. 2. Thus, Butler filed his first habeas corpus petition in state court on April 19, 1997, and statutory tolling commenced then, five days before the April 24, 1997 expiration of the one-year limitations period on the filing of Butler's federal petition. *See Bunney,* 262 F.3d at 974; *Patterson,* 251 F.3d at 1247.

■ The California Supreme Court issued its last decision denying Butler's habeas corpus petition on June 30, 1999. Pursuant to Rule 24 of the California Rules of Court, this decision became final on July 30, 1999, thirty days after its filing. *See* Cal. R. Ct. 24(a); *People v. Carrington,* 40 Cal.App.3d 647, 115 Cal.Rptr. 294, 297 (1974) (holding that a denial of a writ petition is a decision within the meaning of Rule 24); *Bunney,* 262 F.3d at 974 (holding that the California Supreme Court's dismissal of a habeas corpus petition did not become final until thirty days after the dismissal issued). Thus, the AEDPA's one-year limitations period on Butler's filing of his federal habeas corpus petition began to run again on July 31, 1999. *See* Fed.R.Civ.P. 6(a); *Bunney,* 262 F.3d at 974; *Patterson,* 251 F.3d at 1247. Butler constructively filed his federal habeas corpus petition by delivering it to prison officials for forwarding to the district court on July 15, 1999. *See Patterson,* 251 F.3d at 1245 n. 2. Consequently, Butler's filing was timely, and the AEDPA's statute of limitations does not bar consideration of his federal application for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d).

REVERSED AND REMANDED.