**Terrence HARPER, Petitioner–Appellant,**

v.

**George M. GALAZA, Warden, Respondent–Appellee.**

No. 00–16668.
D.C. No. CV–99–00992–SBA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2001.

Submission withdrawn Oct. 25, 2001.

Resubmitted July 19, 2002.

Decided Aug. 5, 2002.

Before O'SCANNLAIN,* W. FLETCHER, and FISHER, Circuit Judges.

---

* The original panel in this case included the Honorable Henry A. Politz, Senior Circuit Judge for the Fifth Circuit, sitting by designation. Judge Politz died prior to circulation of this memorandum disposition, and, pursuant to General Order 3.2(g), Judge O'Scannlain was drawn as a replacement. Judge O'Scannlain was provided with the briefs and other materials received by the other members of the panel and has listened to a tape of the oral argument.

## MEMORANDUM **

Terrence Harper ("Harper") appeals the district court's dismissal of his Petition for Writ of Habeas Corpus as untimely, arguing that the limitations period was tolled under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(2), by the pendency of a series of state and federal habeas petitions. While Harper may be entitled to tolling from the date of AEDPA's enactment to the date the California Supreme Court summarily denied his state habeas petition, his current federal petition is untimely despite that tolling. Accordingly, we affirm.

AEDPA, effective April 24, 1996, imposed a one-year statute of limitations for state prisoners filing federal petitions for habeas corpus. *See* 28 U.S.C. § 2244(d). For prisoners like Harper, whose convictions had become final before the passage of AEDPA, the one-year limitations period began running on AEDPA's effective date, expiring on April 24, 1997, unless it was tolled. *See Patterson v. Stewart*, 251 F.3d 1243, 1244 (9th Cir.2001); *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999). Harper filed his current federal petition on March 3, 1999.

AEDPA's tolling provision states that "[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). We assume for the purpose of discussion that Harper's limitations period was tolled from the date of AEDPA's enactment to May 28, 1997, when the California Supreme Court summarily denied his state habeas petition. *See Carey v. Saffold*, —— U.S. ——, 122 S.Ct. 2134, 2139–40, 153 L.Ed.2d 260 (2002).

Harper's petition is untimely despite this tolling, however. Harper contends that the limitations period was further tolled by the pendency of a federal habeas petition filed June 26, 1997. We hold that it was not. An application for federal habeas corpus review "is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)," and therefore the section does not toll the limitations period during the pendency of a federal habeas petition. *Duncan v. Walker*, 533 U.S. 167, 181–82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Harper's claims for equitable tolling during this period were not raised before the district court, and will not be considered for the first time by this Court on appeal. *See McMillan v. United States*, 112 F.3d 1040, 1047 (9th Cir.1997).

The "clock" began to run on Harper's limitations period on May 29, 1997. We need not, and do not, consider Harper's argument that two habeas petitions filed in state courts after that date provided further tolling, because his March 3, 1999 federal filing was untimely in any event. By the time Harper filed his next state petition on November 21, 1997, the clock had run for 187 days. Even if his limitations period had been tolled until the California Supreme Court denied his petition on June 24, 1998, only 178 days remained after that date. His federal petition, filed 252 days later, was untimely.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.