**Jeffrey Wayne LANDRETH, Petitioner–Appellant,**

v.

**Terry STEWART, et al., Respondents–Appellees.**

No. 01–16646.

D.C. No. CV–00–00476–WDB.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**468**

Submitted Sept. 9, 2002.*

Decided Sept. 16, 2002.

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

MEMORANDUM **

Jeffrey Wayne Landreth appeals the district court's denial as untimely of his 28 U.S.C. § 2254 petition challenging his guilty-plea convictions for prostitution of a minor and child molestation. We have jurisdiction under 28 U.S.C. § 2253. We review the dismissal of a habeas petition on statute of limitations grounds de novo, *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Landreth contends the district court erred by denying his motion as untimely because the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is tolled until a petitioner properly exhausts his claims to the state courts. Because Landreth's state conviction was finalized prior to the enactment of AEDPA, he had until April 24, 1997, to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 406, 151 L.Ed.2d 308 (2001). Assuming that the proceedings in state court would have been sufficient to toll the one year limitation period, *see* 28 U.S.C. § 2244(d)(2), Landreth did not commence his state post-

conviction relief process until September 18, 1997. Therefore, because the limitations period had already run, his claim for statutory tolling is without merit.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

