**David Gene LANCASTER,**
**Petitioner–Appellant,**

v.

**Edward S. ALAMEIDA, Jr., Warden; Attorney General of the State of California, Respondents–Appellees.**

No. 01–15787.

D.C. No. CV–99–02221–LKK.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.*

Decided Dec. 4, 2002.

This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

## MEMORANDUM **

David Gene Lancaster, a California state prisoner, appeals pro se the dismissal of his 28 U.S.C. § 2254 petition based on untimeliness. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Lancaster contends that his § 2254 petition was timely filed on November 8, 1998 because he is entitled to statutory and equitable tolling for the time during which his trial transcripts were lost. We are unpersuaded. Because Lancaster's convictions became final prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), Lancaster's limitation period ended on April 24, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir.2001).

First, Lancaster argues that his requests to the court to retrieve his trial transcripts should toll the statute of limitations. Although the limitations period is generally tolled during the pendency of a properly filed application for state post-conviction relief, *see* 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999), a motion to obtain transcripts is not an application for state post-conviction or other collateral review under § 2244(d)(2).

Second, Lancaster contends that the moment the prison lost his transcripts in 1995 marked a state-created impediment which entitles him to statutory tolling until the date he received them in 1998. *See* 28 U.S.C. § 2244(d)(1)(B). We reject this argument because Lancaster has not shown how any state action prevented him from filing a habeas petition prior to April 24, 1997. *See id.* The record shows that Lancaster did not attempt to obtain copies of his transcripts until one month before the limitations period expired, and actually received them from his appellate attorney after inquiring about it in 1998.

For the same reason, Lancaster has not shown the requisite due diligence necessary for equitable tolling. *See Miles*, 187 F.3d at 1107.

Finally, Lancaster suggests that the statute of limitations should be tolled pursuant to 28 U.S.C. § 2244(d)(1)(D) because only when he received his transcripts did he discover the factual predicate for his claims. Section 2244(d)(1)(D) is inapplicable because the record reflects that Lancaster knew about the "new" evidence at the time of trial. *See Hasan v. Galaza*, 254 F.3d 1150, 1154 n. 3 (9th Cir.2001) (stating the statute of limitations begins to run when the prisoner knows the important facts, not when the prisoner recognizes their legal significance).[1]

**AFFIRMED.**[2]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. To the extent Lancaster raises issues outside the scope of the certificate of appealability (COA), those issues are not properly before us. *See Hiivala v. Wood*, 195 F.3d 1098, 1102 (9th Cir.1999) (per curiam) (limiting review to issues specified in the COA).

2. Lancaster's request to broaden the COA is denied. *See* 9th Cir. R. 22–1(d).