**Jose Camilo VALENCIA, Petitioner—Appellant,**

**v.**

**Sylvia GARCIA, Warden, et al., Respondents—Appellees.**

**No. 02–55632.**
**D.C. No. CV–00–11174–MMM.**

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 23, 2003.

try. *See United States v. Martin–Plascencia,* 532 F.2d 1316, 1317 (9th Cir.1976).

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before BEEZER, FERNANDEZ, and PAEZ, Circuit Judges.

MEMORANDUM**

Jose Valencia appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We review the denial of a petition for a writ of habeas

corpus *de novo*. *Wade v. Terhune*, 202 F.3d 1190, 1194 (9th Cir.2000). Valencia argues that the California Court of Appeal incorrectly rejected his claim under *Batson v. Kentucky*, 476 U.S. 79, 96, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Although AEDPA ordinarily requires deference to state court decisions,[1] we review Valencia's constitutional claim de novo, because the California Court of Appeal applied the more stringent standard of *People v. Wheeler*, 22 Cal.3d 258, 280, 148 Cal.Rptr. 890, 583 P.2d 748 (1978), rather than the "reasonable inference" test of *Batson*, 476 U.S. at 96. *See Wade*, 202 F.3d at 1197.

To establish a prima facie case of purposeful discrimination based on a prosecutor's peremptory strikes, Valencia must show (1) that he is a member of a cognizable racial group; (2) that the prosecutor exercised peremptory challenges to remove members of that racial group from the venire; and (3) that the facts and relevant circumstances raise an inference that the prosecutor excluded venire members on account of their race. *Batson*, 476 U.S. at 96. The existence of a prima facie case is determined on the basis of the combination of circumstances taken as a whole. *United States v. Chinchilla*, 874 F.2d 695, 698 (9th Cir.1989).

Valencia has not established an inference that the prosecutor excluded venire members on account of their race. Valencia highlights five peremptory strikes against Hispanics, but fails to provide any statistical information about the number of Hispanics on the venire, the percentage of Hispanic venirepersons struck, or the per-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), Pub.L. No. 104–132, applies because the petition for writ of habeas corpus was filed on October 20, 2000, after AEDPA's April 24, 1996 effective date. *See Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir.2001).

centage of peremptories used against Hispanics. *See Williams v. Woodford*, 306 F.3d 665, 682 (9th Cir.2002) (holding a prima facie case not established when the record did not show how many African-Americans were on the venire); *cf. Fernandez v. Roe*, 286 F.3d 1073, 1078–80 (9th Cir.2002) (stating that a prima facie case existed when the record showed that four out of seven (57%) prospective Hispanic jurors were stricken); *Turner v. Marshall*, 63 F.3d 807, 813–14 (9th Cir.1995) (concluding that petitioner had established a prima facie case when the record showed that 56% of peremptories were used against African-Americans and yet African-Americans comprised approximately 30% of the persons who appeared before the court on voir dire), *overruled on other grounds by Tolbert v. Page*, 182 F.3d 677, 685 (9th Cir.1999) (en banc).

■ Although we may consider other non-statistical evidence in determining whether a prima facie case has been established, *see Johnson v. Campbell*, 92 F.3d 951, 953–54 (9th Cir.1996), Valencia's non-statistical evidence is also insufficient to establish a prima facie *Batson* violation. Obvious neutral reasons for a number of the peremptory challenges appear on the face of the record. One challenged juror was an attorney and two others indicated that a person who stays in an abusive relationship may deserve what happens in that relationship. Another challenged juror was a clerk in a law firm.

The district court noted that another challenged juror had no prior jury experience. Other unchallenged jurors had no prior jury experience either. In its totality, however, this marginal evidence does not suffice to meet even the low threshold required for a prima facie violation.

Valencia failed to establish a prima facie case of a *Batson* violation in state court.

The judgment of the district court is AFFIRMED.