Vance G. **BARTLEY**, Petitioner—Appellant,

v.

Richard Lee **MORGAN**, Respondent—Appellee.

No. 02–36161.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2003.

Decided Oct. 17, 2003.

---

* Due to a clerical error the case 02–15483, Carroll v Nakatani was included in the order resubmitting theses cases filed October 14, 2003. 02–15483 is not resubmitted.

Leta J. Schattauer, Esq., Seattle, WA, for Petitioner–Appellant.

John Joseph Samson, Esq., Attorney General (OLYMPIA), Olympia, WA, for Respondent–Appellee.

BEFORE: TROTT, FISHER and GOULD, Circuit Judges.

MEMORANDUM *

Vance G. Bartley appeals the denial of his habeas petition, 28 U.S.C. § 2254, following his mandatory life sentence as a result of Washington's "three strikes" law, the Washington State Persistent Offender Accountability Act. Wash. Rev.Code § 9.94A.570 (2003).[1] He asserts that (1)

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. At the time Bartley was sentenced, the act

the sentence was impermissibly enhanced by his second strike, a 1995 sentence that he has already served and that he now claims is unconstitutional based on his belief at the time of pleading that he would receive drug treatment instead of the jail time, and (2) he received constitutionally infirm ineffective assistance of counsel because his counsel during the 1998 conviction failed to investigate the 1995 sentence. We affirm.

We have jurisdiction under 28 U.S.C. § 2253. A district court's dismissal of a 28 U.S.C. § 2254 habeas petition is reviewed de novo. *Alvarado v. Hill,* 252 F.3d 1066, 1068 (9th Cir.2001). The district court's findings of fact are reviewed for clear error. *Solis v. Garcia,* 219 F.3d 922, 926 (9th Cir.2000).

Because the parties are familiar with the record, we recite only the facts necessary to explain our decision.

## I.

■ Bartley did not timely file a habeas petition challenging his 1995 sentence as unconstitutional by April 24, 1997. *Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir.2001). His argument that equitable tolling should apply must be rejected because Bartley relies on ordinary attorney negligence and because of his own lack of diligence in collaterally attacking the sentence several years too late. *Frye v. Hickman,* 273 F.3d 1144, 1146 (9th Cir.2001); *cf. Spitsyn v. Moore,* 345 F.3d 796 (9th Cir.2003) (holding that a complete failure to file a client's habeas petition could be 'sufficiently egregious' to warrant equitable tolling).

■ Bartley attempts to avoid the time bar by challenging the 1995 conviction as an improper enhancement of his 1998 conviction. The Supreme Court has expressly

was codified at Wash. Rev.Code § 9.94A.560

disallowed such maneuvering as a general rule. *Lackawanna Co. Dist. Atty. v. Coss,* 532 U.S. 394, 403–404, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001). Bartley has not demonstrated that he falls within a *Coss* exception, *id.* at 405, nor has he adequately distinguished his circumstances from those held insufficient in *Coss.* Finally, Bartley has not established that a "miscarriage of justice" would occur in the absence of relief. *Majoy v. Roe,* 296 F.3d 770, 775–76 (9th Cir.2002). Therefore, his petition is untimely and must be denied.

■ Even if we were to reach the merits, we would affirm the district court because Bartley cannot demonstrate that he did not knowingly enter the plea agreement. The prospect of drug treatment was expressly conditioned on his counsel's presenting the court with a plan and, more significantly, the court's approval.

## II.

■ Bartley's ineffective assistance of counsel claim is unexhausted because he did not fairly present it to the Washington appellate courts. *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982); *O'Sullivan v. Boerckel,* 526 U.S. 838, 839–40, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). The personal restraint petition filed in state court refers to the factual predicate of the claim, but contains no reference to ineffective assistance of counsel or relevant case law. *See Gray v. Netherland,* 518 U.S. 152, 162–63, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996). As a result, the claim cannot be deemed fairly presented, even under the lenient review of *pro se* efforts to exhaust. *Sanders v. Ryder,* 342 F.3d 991, 999 (9th Cir.2003).

■ In any case, Bartley could not obtain relief under *Strickland v. Washing-*

(2001).

*ton,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Counsel's strategic determination to focus on more potent arguments related to the 1998 conviction was not professionally deficient. Even if his counsel's actions were unreasonable, Bartley was not prejudiced because the Washington courts likely would have rejected as untimely any arguments based on information uncovered in an investigation of the constitutionality of the 1995 conviction. Wash. Rev.Code § 10.73.090 (2003).

**AFFIRMED.**