**Paul Charles CURRIE, Petitioner,**

v.

**L. BLANKS, Warden, Respondent.**

No. 03–16543.

D.C. No. CV–02–001651–WBS.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 4, 2004.*

Decided March 10, 2004.

Paul Charles Currie, CMCW–California Men's Colony West, San Luis Obispo, CA, pro se.

Brian Means, Justain P. Riley, DAG, AGCA–Office Of The California, Attorney General (SAC), Sacramento, CA, for Respondent.

Before SNEED, SKOPIL, and LEAVY, Circuit Judges.

MEMORANDUM**

California state prisoner Paul Charles Currie appeals pro se the order of the district court dismissing as untimely his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Currie argues that the one-year statute of limitations found in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), should be equitably tolled. The district court granted a Certif-

icate of Appealability on this issue. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm the dismissal.

Because Currie's conviction became final before passage of the AEDPA, the one-year limitations period began running on AEDPA's effective date, April 24, 1996, and expired on April 24, 1997, unless it was tolled. *See Patterson v. Stewart,* 251 F.3d 1243, 1245–46 (9th Cir.2001); *Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999). Any ineffectiveness of counsel which occurred when Currie entered his plea of guilty in 1994 did not toll the statute because the statute had not yet begun to run. Currie's argument that his 1994 sentence was disproportionate goes to the merits of his habeas petition, not to the issue of tolling. Thus, Currie has not demonstrated that he is entitled to equitable tolling during the period in which the one-year statute of limitations ran.

We have not decided whether actual innocence is an exception to the statute of limitations, *see Majoy v. Roe,* 296 F.3d 770, 776–77 (9th Cir.2002) (declining to decide the issue), and need not reach the issue in this case. Currie does not contend that he is "actually innocent," only that he is "legally innocent." Therefore, his claim does not fall within the actual innocence exception outlined in *Schlup v. Delo,* 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995) (setting forth actual innocence standard for avoiding procedural bar to consideration of habeas claims).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.