Joseph E. PRATT, Petitioner–
Appellant,

v.

Jeff CONWAY, Warden; State
of Idaho, Respondents–
Appellees.

No. 04–36064.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 20, 2005.*

Decided Oct. 25, 2005.

Greg S. Silvey, Esq., Boise, ID, for Petitioner–Appellant.

Joseph E. Pratt, Boise, ID, pro se.

Ralph Blount, Esq., Office of Attorney General Civil Litigation Division, Paul T. Krueger, Office of the Idaho Attorney General, Boise, ID, for Respondents–Appellees.

Before: BRUNETTI and MCKEOWN, Circuit Judges, and KING,** District Judge.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

## MEMORANDUM ***

Joseph E. Pratt appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition contending he was denied effective assistance of counsel. Pratt argues his trial counsel's decision to stipulate to facts establishing crimes at the Turner residence and to the later shooting by his brother of Officer Jacobson amounted to a stipulation to felony murder. The district court disagreed, finding it was not an objectively unreasonable strategic decision—when faced with the death penalty and overwhelming evidence of guilt—to admit to obvious facts and instead focus on contesting the more serious charges of first-degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

We review de novo a district court's denial of habeas corpus. *Singh v. Ashcroft*, 351 F.3d 435, 438 (9th Cir.2003) (citation omitted). Even if the conviction at issue occurred in 1989, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply because Pratt filed his petition after April 24, 1996, the effective date of AEDPA. *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir.2001). Under AEDPA, as applied here, habeas relief is available only if the state court adjudication was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent. 28 U.S.C. § 2254(d)(1).

The Idaho Supreme Court's determination that Pratt failed to establish ineffective assistance of counsel under the standard promulgated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), was not an unreasonable application of established Supreme Court precedent. The affidavit of Pratt's trial counsel (averring that the

stipulation was a strategic decision to bolster credibility when contesting the more serious charges) was not challenged in the state-court post-conviction proceedings. Trial counsel's decision was not objectively unreasonable under *Strickland.* Admitting lesser crimes when facing overwhelming evidence of guilt and a possible death penalty was a reasonable strategy to attempt to gain credibility when contesting the more serious first-degree murder charges.

Felony murder was not admitted because the prosecution still had to prove that the shooting of Jacobson occurred "during the commission" of the predicate felony or felonies at the Turner residence. *See State v. Fetterly*, 109 Idaho 766, 710 P.2d 1202, 1207–08 (1986). Pratt's trial counsel contested the felony murder charge precisely on this ground in a pretrial motion to dismiss. The point was presented to the jury as a factual issue in the jury instructions. It was argued—albeit by co-defendant's counsel—in closing argument and Pratt's counsel relied on the arguments of co-defendant's counsel in his own closing argument.

For the same reasons, the decision to stipulate to facts did not completely fail to subject the prosecution's case to meaningful adversarial testing under *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Indeed, trial counsel contested—and ultimately prevailed on appeal—the issue whether Pratt was guilty of murder of a peace officer under Idaho law. And Pratt was spared the death penalty in part specifically because of the stipulations. *See State v. Pratt*, 125 Idaho 594, 873 P.2d 848, 850 (1994) ("... in the opinion of the [trial] Court, the death penalty would be unjust because [Joseph Pratt] did not fire the fatal shots"). *Cron-*

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

*ic* is "reserved for situations in which counsel had entirely failed to function as the client's advocate." *Florida v. Nixon,* 543 U.S. 175, 125 S.Ct. 551, 561, 160 L.Ed.2d 565 (2004).

AFFIRMED.