Ron Dwayne DAVIS, Petitioner—
Appellant,

v.

Craig FARWELL, et al., Respondents—
Appellees.

No. 06–15125.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed Nov. 1, 2007.

Lori C. Teicher, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Richard A. Molezzo, Office of the Nevada Attorney General, Reno, NV, for Respondents–Appellees.

Before: TROTT and GRABER, Circuit Judges, and SHADUR *, District Judge.

MEMORANDUM **

Ron Dwayne Davis ("Davis") appeals from the district court's decision to dismiss

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit R. 36–3.

his petition for writ of habeas corpus. Davis's petition, the district court held, was untimely both because it was filed well past the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), and because it was not entitled to equitable tolling. Because the petition was indeed filed late and because Davis has not shown the type of "extraordinary circumstances" required to justify equitable tolling (*see Roy v. Lampert,* 465 F.3d 964, 969 (9th Cir.2006)), we affirm the district court.

■ On appeal Davis does not dispute the fact that he did not file his petition until November 13, 2003, more than seven years after AEDPA's one-year statute of limitations period began to run in his case.[1] Instead Davis argues that the district court erred when it concluded that he was not entitled to an equitable tolling exception (*see Calderon v. United States Dist. Court (Beeler),* 128 F.3d 1283, 1288 (9th Cir.1997), recognizing such an exception in the AEDPA context), *aff'd in relevant part and overruled on other grounds by (Calderon v. U.S. Dist. Court (Kelly),* 163 F.3d 530, 540 (9th Cir.1998)(en banc)). To obtain equitable tolling, a habeas petitioner must demonstrate that "extraordinary circumstances beyond [his] control ma[d]e it impossible to file a petition on time" (*Roy,* 465 F.3d at 969, quoting *Beeler,* 128 F.3d at 1288). "These extraordinary circumstances must be 'the cause of [the] untimeliness' " (*id.,* quoting *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir.2003) (alterations in original)).

Our circuit has recognized that "[w]here a habeas petitioner's mental incompetence in fact caused him to fail to meet the AEDPA filing deadline," such untimeliness was caused by "extraordinary circumstances," thus justifying equitable tolling (*Laws v. LaMarque,* 351 F.3d 919, 923 (9th Cir.2003)). But Davis has failed to meet that standard. Although the record shows that Davis is of somewhat below-average intelligence, his limited capabilities did not preclude him from initiating a direct appeal, as well as filing two habeas petitions in state court and two earlier habeas petitions in federal court. During oral argument Davis's counsel contended that his below-average intelligence—coupled with a growing sense of frustration with the judicial process—explains a five-year gap in filing activity that followed the filing of his second habeas petition in federal court. Those two factors, however, do not qualify as the type of "extraordinary circumstance[s]" needed to justify equitable tolling (*Laws, id.* ). Hence the district court did not err in reaching the same conclusion.

■ Finally, Davis argues that he is at least entitled to an evidentiary hearing where he would have the opportunity to demonstrate in better fashion just how his below-average intelligence caused his untimely filing. But to secure an evidentiary hearing, a petitioner must make a "good-faith allegation that would, if true, entitle him to equitable tolling" (*id.* at 921). Because Davis has failed to make such a showing—even after we liberally construe his pro se habeas filings (*id.* at 924)—an evidentiary hearing is not warranted.

**AFFIRMED.**

---

1. Because Davis's conviction became final before AEDPA's enactment, his one-year statute of limitations began to run on April 24, 1996, the date AEDPA took effect (*see Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir.2001)).