**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PETRA E. HERNANDEZ,
Petitioner-Appellant,

v.                                          No. 98-7640

CAROL CALDWELL; MACK JARVIS,
Respondents-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-97-717-5-H)

Argued: May 5, 2000

Decided: August 28, 2000

Before WILKINS, MICHAEL, and TRAXLER, Circuit Judges.

_____

Reversed and remanded by published opinion. Judge Michael wrote
the opinion, in which Judge Wilkins and Judge Traxler joined.

_____

**COUNSEL**

**ARGUED:** Letitia C. Echols, NORTH CAROLINA PRISONER
LEGAL SERVICES, INC., Raleigh, North Carolina, for Appellant.
Clarence Joe DelForge, III, Assistant Attorney General, NORTH
CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Caro-
lina, for Appellees. **ON BRIEF:** Linda B. Weisel, NORTH CARO-
LINA PRISONER LEGAL SERVICES, INC., Raleigh, North
Carolina, for Appellant. Michael F. Easley, Attorney General,

NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

_____

## OPINION

MICHAEL, Circuit Judge:

This appeal raises a new question about calculating the limitations period for federal habeas corpus petitioners whose convictions became final before the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law. Petra Hernandez petitioned for a writ of habeas corpus under 28 U.S.C.§ 2254, alleging that her inability to communicate effectively in English rendered her guilty plea and sentence on state drug charges constitutionally defective. The district court dismissed the petition as untimely, concluding that AEDPA's one-year statute of limitations (codified at 28 U.S.C. § 2244(d)(1)) expired between the day the state court denied Hernandez's motion for appropriate relief and the day she petitioned the state court of appeals for review of that decision. Relying on our recent precedent, we hold that the statute of limitations should have been tolled during that time. On the new question, we hold that the computation of the limitations period is governed by Fed. R. Civ. P. 6(a), with the result that Hernandez's federal habeas petition was timely filed on the very last day allowed. We therefore reverse and remand for further proceedings.

I.

Petra Hernandez was indicted in the Superior Court of Cumberland County, North Carolina, for conspiracy to traffic in cocaine, trafficking in cocaine by possession, and trafficking in cocaine by transportation. On May 29, 1992, she pled guilty to all three charges. Thirteen months later she was sentenced to three consecutive terms of twenty-five years in prison, for a total of seventy-five years. Hernandez appealed her plea and sentence to the North Carolina Court of Appeals; that appeal was dismissed on September 26, 1994. Hernandez then petitioned the court of appeals for certiorari; that petition was denied on February 25, 1995.

2

Next, Hernandez filed a motion for appropriate relief (MAR) in Cumberland County Superior Court on April 23, 1997. She alleged that her plea was involuntary because she was required to enter it without the assistance of an interpreter, that the sentencing court's refusal to allow her to testify in Spanish denied her the right to testify in her own behalf, and that her counsel was ineffective in failing to request an interpreter for all stages of the criminal prosecution. The MAR was denied in an order dated August 8, 1997. A copy of that order was mailed from the superior court clerk's office on August 12 and received by Hernandez's counsel on August 14, 1997. That same day, August 14, 1997, Hernandez petitioned the North Carolina Court of Appeals for certiorari, seeking review of the order denying the MAR. The petition for certiorari was denied on September 8, 1997, and Hernandez's counsel received a copy of the order on the following day, September 9, 1997.

On September 9, 1997, Hernandez filed a petition for a writ of habeas corpus in federal court for the Eastern District of North Carolina, claiming the same errors that she had asserted in her MAR. The State of North Carolina moved for summary judgment on the merits and on the procedural ground that Hernandez's habeas petition was untimely under the one-year limitation of 28 U.S.C.§ 2244(d). The district court dismissed Hernandez's petition, agreeing that it was barred by § 2244(d). Hernandez filed a notice of appeal, and the district court granted a certificate of appealability.

II.

The State of North Carolina has moved to dismiss this appeal, arguing that the district court erred in granting Hernandez a certificate of appealability. As the State points out, a certificate of appealability may be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The State contends that Hernandez's claim of procedural error does not implicate a constitutional right and that we therefore lack subject matter jurisdiction over her appeal. We disagree. As the Supreme Court has recently explained, "[i]n setting forth the preconditions for issuance of a COA [certificate of appealability] under § 2253(c), Congress expressed no intention to allow [district] court procedural error to bar vindication of substantial constitutional rights on appeal." Slack

3

v. McDaniel, ___ U.S. ___, 120 S. Ct. 1595, 1603 (2000). In this case the district court dismissed Hernandez's petition on procedural grounds without ever reaching her underlying constitutional claims. Under these circumstances, the certificate of appealability was properly issued if Hernandez has shown "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at ___, 120 S. Ct. at 1604. Hernandez claims that her poor command of English rendered her plea involuntary, her sentencing hearing unconstitutional, and her counsel ineffective. These allegations state a "valid claim of the denial of a constitutional right." See, e.g., Franklin v. Hightower, 215 F.3d 1196, 1199-1200 (11th Cir. 2000); see also Fernandez v. Rodriguez, 761 F.2d 558, 561-62 (10th Cir. 1985). Thus, Hernandez has satisfied the first of the requirements for a certificate of appealability under Slack. And since we hold that the district court's procedural ruling was wrong, see part III, Hernandez has satisfied the second requirement as well. The motion to dismiss is denied.

III.

Hernandez contends that her federal habeas petition was timely because she filed it on the last day available under AEDPA. AEDPA was signed into law on April 24, 1996, and became effective immediately. It provides:

> A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .

28 U.S.C. § 2244(d)(1)(A).

For prisoners like Hernandez, whose convictions became final before AEDPA was enacted, retroactive application of § 2244(d)

4

(1)(A) would either summarily extinguish their federal habeas claims or impose an unreasonably short limitations period. See Brown v. Angelone, 150 F.3d 370, 372-73 (4th Cir. 1998). In Brown we recognized that Congress intended no such retroactive effect. Consequently, we held that for prisoners whose convictions became final prior to AEDPA's enactment, the limitations period began to run with AEDPA's effective date. See id. at 375. Although the parties and the district court did not have the benefit of Brown when the district court made its decision, all agreed that Hernandez was entitled to file her federal habeas petition within one year of AEDPA's enactment, excluding any time when the statute was tolled.

The running of § 2244(d)(1)'s "period of limitation" is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The district court determined that Hernandez's MAR, filed April 23, 1997, tolled the one-year limitations period exactly one day before it was to expire. But the clock started running again, according to the district court, on August 8, 1997, when the Cumberland County superior court denied Hernandez's MAR. Thus, by the time Hernandez's counsel received a copy of the denial order in the mail on August 14, 1997, Hernandez's federal habeas claim was barred by the one-year limit.

Since the district court's decision, we have rejected this "gap theory," under which the statute of limitations runs in fits and starts during the "gaps" between the decisions of state post-conviction courts and the initiation of the next stages of state review. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). Instead, we held that an application for post-conviction or other collateral review is "pending" from initial filing until final disposition by the state courts. See id. In Hernandez's case that would mean that the limitations period was tolled until September 8, 1997, when the North Carolina Court of Appeals denied her petition for certiorari.

The State attempts to distinguish Taylor, arguing that its holding should be limited to petitions by capital defendants who had already initiated post-conviction review as of AEDPA's effective date. We are not persuaded. There is no reason to give the word "pending" in § 2244(d)(2) a different meaning in non-capital cases. Moreover, the

5

State's attempt to resurrect the gap theory contradicts the explicit rationale of Taylor, where we recognized that a "'contrary construction would be antithetical to the entire theory of state remedy exhaustion and would inevitably lead to the filing of protective federal petitions.'" Id. at 561 (quoting Nino v. Galaza, 183 F.3d 1003, 1005 (9th Cir. 1999)).

Under our holdings in Brown and Taylor , Hernandez had one year from AEDPA's effective date, April 24, 1996, to file her federal habeas petition. The statute was tolled when Hernandez filed her MAR on April 23, 1997, and remained tolled until the North Carolina Court of Appeals denied her petition for certiorari on September 8, 1997. The only question that remains is whether the last day of the one-year limitations period was April 23, 1997, in which case Hernandez's § 2254 petition filed September 9, 1997, was one day late, or whether the last day of the one-year period was April 24, 1997, in which case the petition was timely. Until now, we have not been confronted by a case where the determination of the final day (April 23 or April 24, 1997) of the one-year period of limitation was of any significance to our decision.

We have said in dicta in recent cases that the one year from AEDPA's April 24, 1996, effective date ended on April 23, 1997. See Brown, 150 F.3d at 375; Taylor, 186 F.3d at 560; United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999). However, in none of these cases did our decision turn on the precise beginning or ending date of the limitations period. See Brown, 150 F.3d at 371 (petition filed one month after AEDPA's effective date); Taylor, 186 F.3d at 559 (petition filed with at least eight days to spare, after tolling); Pregent, 190 F.3d at 284 (petition filed seven months too late). In Brown we held that petitioners whose convictions were final before AEDPA's effective date had a "reasonable period" of one year in which to file their federal habeas petitions. We then observed that this was the prevailing rule in the courts of appeals:

> the vast majority of the circuits addressing [§ 2244(d)'s retroactive effect] similarly have held that a "reasonable period" means one year from the effective date of AEDPA -- i.e., that prisoners whose convictions became final at any

6

> time prior to the effective date of AEDPA had until April
> 23, 1997, to file their § 2254 petition or§ 2255 motion.

Brown, 150 F.3d at 375. Taylor and Pregent repeated this language. See Taylor, 186 F.3d at 560 (citing Brown ); Pregent, 190 F.3d at 284 (quoting Brown). We believe that the April 23 date in the quoted passage from Brown is best characterized as an illustration of the one-year rule rather than a statement of the rule itself. See Black's Law Dictionary 465 (7th ed. 1999) (defining "dictum"). The petitioner in Brown had filed his habeas petition just one month after AEDPA's effective date, well within the one-year period of limitation. See Brown, 150 F.3d at 371. Thus, our statement that the limitations period ended on April 23, 1997, was not pivotal to our decision; it was dictum and does not control the outcome today.

Ultimately, the issue before us is not a hard one. The general rule for counting time in the federal courts is provided by Fed. R. Civ. P. 6(a), which reads:

> In computing any period of time prescribed or allowed by
> these rules, by the local rules of any district court, by order
> of court, or by any applicable statute, the day of the act,
> event, or default from which the designated period of time
> begins to run shall not be included.

We use Rule 6(a) in computing the limitations periods provided in statutes. See, e.g., Wirtz v. Peninsula Shipbuilders Assoc., 382 F.2d 237, 239 (4th Cir. 1967) (applying Rule 6(a) to 60-day period for Secretary of Labor to file suit under 29 U.S.C. § 482(b)). In this case "the day of the . . . event . . . from which the designated period of time begins to run" is AEDPA's effective date, April 24, 1996. See Moore v. United States, 173 F.3d 1131, 1133 (8th Cir. 1999). Since that day is excluded from the one year prescribed by § 2244(d)(1) ("the designated period of time"), the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled. See Ross v. Artuz, 150 F.3d 97, 103 (2d Cir. 1998) (explaining the rule in another way: "When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period."). Every circuit case that has applied Rule 6(a) to compute the one year under § 2244(d)

7

has reached the same conclusion that we do today. See Rogers v. United States, 180 F.3d 349, 355 & n.13 (1st Cir. 1999), cert. denied, 120 S. Ct. 958 (2000); Ross, 150 F.3d at 103; Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000); Moore, 173 F.3d at 1135; United States v. Cicero, 214 F.3d 199, 202 (D.C. Cir. 2000). Furthermore, in at least two of those cases, the exact beginning and ending date of the limitations period was dispositive of the timeliness issue, just as it is here. See Moore, 173 F.3d at 1132-33, 1135 (habeas petition timely when placed in prison mail system on April 24, 1997); Flanagan, 154 F.3d at 197 (habeas petition timely when filed on April 24, 1997).

Because the limitations period did not expire until April 24, 1997, Hernandez still had one day to spare when she filed her MAR in Cumberland County Superior Court on April 23, 1997. The statute was thus tolled from April 23, 1997, until the state court denied certiorari on September 8, 1997. Because Hernandez filed her federal habeas petition the next day (her one spare day), her petition is timely.*

IV.

We deny the State's motion to dismiss Hernandez's appeal. Because she filed her petition for a writ of habeas corpus within § 2244(d)'s one-year statute of limitations, we reverse the judgment of the district court and remand for further proceedings.

REVERSED AND REMANDED

_____

*Because we hold that Hernandez's federal habeas petition was timely filed, we do not reach her alternative claim that § 2244(d)'s limitations period should have been equitably tolled due to her difficulties with English and her counsel's delayed notice of state court orders that were sent by mail.

8