Bobby Dean PEARSON, Petitioner,

v.

State of NORTH CAROLINA, and Mark Hughes, Superintendent, Respondents.

No. 1:00CV268.

United States District Court, W.D. North Carolina, Asheville Division.

Jan. 29, 2001.

Robert K. leonard, Winston–Salem, NC, for Petitioner.

Clarence J. DelForge, III, Fed Habeas Section, NC Dept. of Justice, Raleigh, NC, for Respondents.

## MEMORANDUM AND ORDER

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the Respondents' motion for summary judgment. Because the Court finds that Petitioner's petition for a writ of habeas corpus is time-barred by the one year period of limitation in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214 (1996), the Court does not reach the merits of the underlying claim. *See* 28 U.S.C. § 2244.

## I. FACTS AND PROCEDURAL BACKGROUND

Petitioner was convicted of second degree rape in violation of N.C. Gen.Stat. § 14–27.3 in the North Carolina General Court of Justice, Superior Court Division of Burke County, North Carolina, and sentenced to 22 years imprisonment. **Memorandum in Support of Petitioner's Motion, at 1–2.** The North Carolina Court of Appeals affirmed his conviction and sentence in an unpublished opinion. **Brief Supporting Summary Judgment, at 1; Petitioner's Objections, at 1–2.** The North Carolina Supreme Court denied certiorari on May 7, 1998, and Petitioner's conviction became final 90 days later, on August 5, 1998, when the time period within which to file a petition for a writ of certiorari with the United States Supreme Court expired. **Brief Supporting, at 4; Petitioner's Objections at 2;** *see Harris v. Hutchinson*, 209 F.3d 325, 328 n. 1 (4th Cir.2000).

Petitioner filed a motion for appropriate relief (MAR) challenging his conviction and sentence on April 22, 1999. **Supporting Brief, at 1; Petitioner's Objections, at 1–2.** After this motion was summarily denied, Petitioner filed a petition for certiorari with the North Carolina Court of Appeals. Supporting Brief, at 2; Petitioner's Objections, at 2. That court denied certiorari on December 13, 1999. **Supporting Brief, at 2; Petitioner's Objections, at 2.** Seeking to avail himself of the protections of the Great Writ, Petitioner filed his petition pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus in this Court on November 28, 2000.

## II. DISCUSSION

Because the Petitioner's petition for a writ of habeas corpus was filed after AEDPA's April 24, 1996, effective date, his claim is governed by the provisions of that statute. AEDPA provides in pertinent part:

- (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  \* \* \* \* \* \*

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

■ Respondents claim, and the Court finds, that Petitioner's petition for a writ of habeas corpus is time-barred. As noted, *supra*, Petitioner's state judgment of conviction became final on August 5, 1998. Thus, the one-year period of limitation began running on August 6, 1998. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir.2000). The period of limitations ran for 259 days until Petitioner filed his MAR in state court on April 22, 1999. *See Harris*, 209 F.3d at 327; *Flanagan v. Johnson*, 154 F.3d 196, 199 n. 1 (5th Cir.1998). From the time Petitioner filed his MAR until the North Carolina Court of Appeals denied his petition for certiorari on December 13, 1999, the period of limitations was tolled. *See, e.g.,* 28 U.S.C. § 2244(d)(2); *Harris*, 209 F.3d at 328; *Hernandez*, 225 F.3d at 438. The clock began ticking again on December 14, 1999, and the period of limitations ran for 106 days until it expired on March 28, 2000. *See Hernandez*, 225 F.3d at 438–39; *Harris*, 209 F.3d at 328. Petitioner filed his petition for a writ of habeas corpus with this Court on November 28, 2000, some 245 days or eight months after the period of limitations had expired.

■ Objecting to this method of calculation, Petitioner argues that "once he has

filed his State post-conviction motion within the one-year period of limitations, he still has one-year [sic] from the time he receives the decision from the State court [denying him relief] to file his habeas petition in federal court[.]" **Petitioner's Objections, at 2.** In other words, Petitioner maintains that the one-year period of limitations within which to file a habeas petition is reset by the filing of a motion in state court for post-conviction relief. This argument conflicts with the plain language of the statute, which provides for tolling "[t]he time during which a properly filed application for State post-conviction or other collateral review ... *is pending.*" 28 U.S.C. § 2244(d)(2) **(emphasis added).** Additionally, contrary to Petitioner's argument, "the tolling provision of Section 2244(d)(2) already accommodates the exhaustion requirements that prisoners face[.]" *Smith v. McGinnis,* 208 F.3d 13, 18 (2nd Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000). Every circuit to consider the question has agreed that "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Id.,* at 17; *accord, Nino v. Galaza,* 183 F.3d 1003, 1006–07 (9th Cir.1999), *cert. denied,* 529 U.S. 1104, 120 S.Ct. 1846, 146 L.Ed.2d 787 (2000); *Gaskins v. Duval* 183 F.3d 8, 9–10 (1st Cir.1999); *Haney v. Addison,* 175 F.3d 1217, 1220–21 (10th Cir.1999); *Fisher v. Johnson,* 174 F.3d 710, 712 (5th Cir. 1999); *Guenther v. Holt,* 173 F.3d 1328, 1331 (11th Cir.1999), *cert. denied,* 528 U.S. 1085, 120 S.Ct. 811, 145 L.Ed.2d 683 (2000). Although the Fourth Circuit has not explicitly addressed this question, its decisions interpreting the statute have implicitly adopted this position. *See Minter v. Beck,* 230 F.3d 663, 665–66 (4th Cir. 2000) ("**Although the period of time that Minter spent pursuing state post-conviction relief is excluded from the one year limitation period, ... more than one year had otherwise elapsed[.]**"); *Her-*

*nandez,* 225 F.3d at 438–39 ("Hernandez's MAR ... tolled the one-year limitations period exactly one day before it was to expire[,][b]ut the clock started running again ... when the [state supreme court denied certiorari]," and thus Hernandez had one day to spare to file her federal habeas petition.).

Petitioner's contention that 28 U.S.C. § 2244 is so vague as to implicate constitutional due process concerns is without merit. The plain language of the statute provides that a petition must be filed within one year of, *inter alia,* the date on which the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). It affords prisoners the benefit of tolling during the time period in which a properly filed state petition is pending. *See* 28 U.S.C. § 2244(d)(2). Simply put, there is nothing ambiguous or vague about the statute. *Accord, Williams v. Brigano,* 2000 WL 1871682, *2 (6th Cir.2000) (**rejecting void-for-vagueness challenge**).

Moreover, Petitioner's mistaken belief that his petition was filed within the one-year period of limitations does not entitle him to the benefit of equitable tolling. Equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris,* 209 F.3d at 330. Here, the State did nothing to prevent Petitioner from seeking relief; Petitioner's ignorance of the proper calculation of the period of limitation does not warrant equitable tolling. *Accord, id.* (**listing cases denying equitable tolling**); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir.2000) (**listing cases and citing *Harris* for the proposition that a "lawyer's innocent mistake in interpreting AEDPA's statutory provisions does not constitute extraordinary circumstances external to petitioner justifying equitable tolling[.]**"); *Steed v. Head,* 219 F.3d 1298, 1300 (11th

Cir.2000) (**miscalculation of period of limitations not basis for equitable tolling**); *McGinnis,* 208 F.3d at 17 (**listing cases denying equitable tolling**); *Felder v. Johnson,* 204 F.3d 168, 171–73 (5th Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000) (same).

Although this Court is "mindful of the effect a dismissal will have on [Petitioner's] ability to have his claims heard by a federal court[,]" the petition for a writ of habeas corpus is time-barred and must be denied. *Felder,* 204 F.3d at 173.

### III. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's petition for a writ of habeas corpus is hereby **DENIED.** A Judgment dismissing the petition as untimely is filed herewith.

### *JUDGMENT*

For the reasons set forth in the Memorandum and Order filed herewith,

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that the Petitioner's petition pursuant to 28 U.S.C. § 2254 is hereby **DISMISSED** as time-barred.