**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

STEVEN LESTER,
            *Petitioner-Appellant,*

v.

STATE OF SOUTH CAROLINA; CHARLES
M. CONDON, Attorney General of
the State of South Carolina,
            *Respondents-Appellees.*

No. 02-7382

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, District Judge.
(CA-99-3122-4-12BF)

Submitted: October 31, 2002

Decided: February 7, 2003

Before LUTTIG, MICHAEL, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

## COUNSEL

Steven Lester, Appellant Pro Se. Donald John Zelenka, Chief Deputy Attorney General, Samuel Creighton Waters, OFFICE OF THE ATTORNEY GENERAL OF SOUTH CAROLINA, Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Steven Lester seeks to appeal the district court's order denying relief on his petition filed under 28 U.S.C. § 2254 (2000). An appeal may not be taken to this court in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). When, as here, a district court dismisses a § 2254 petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right,' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), *cert. denied*, __ U.S. __, 122 S. Ct. 318 (2001). We have reviewed the record and, for the reasons stated below, conclude that Lester has not made the requisite showing.

In March 1975, Lester pled guilty in South Carolina state court to murder and armed robbery, for which he received consecutive fifteen year prison terms on the armed robbery counts and life in prison on the murder count. Lester did not file a direct appeal. His first state application for post-conviction relief was denied in June 1983. On July 5, 1995, Lester filed a second state application for post-conviction relief, which was denied on June 9, 1997. His third application, filed in March 1998, was dismissed on March 22, 1999.

On September 23, 1999, Lester filed a federal habeas corpus petition pursuant to 28 U.S.C. § 2254. Lester dated the petition August 10, 1999. The magistrate judge recommended granting Respondents' motion for summary judgment on the grounds that the petition was untimely filed, procedurally barred, and meritless. The district court did not expressly adopt the magistrate judge's recommendation, but

concluded that Lester's § 2254 petition was untimely and therefore granted Respondents' motion for summary judgment.

Under this circuit's local rules, this court "limit[s] its review to the issues raised in the informal brief." 4th Cir. R. 34(b). The court expressly warned Lester that it would not consider issues not specifically raised in his informal brief. Despite this warning, Lester failed to challenge in his informal brief the district court's conclusion that his § 2254 petition was untimely, and instead argued the merits of his petition. Therefore, he waived the issue of timeliness and cannot meet the criteria for a certificate of appealability.

Even if he had not waived the timeliness issue, we find that Lester's habeas petition was time barred. Under 28 U.S.C. § 2244(d)(1) (2000), a one-year limitations period applies to the filing of § 2254 petitions. The statutory period is tolled during the pendency of any properly filed state collateral review proceedings. 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000). Because Lester's convictions became final before the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), the one-year limitations period commenced on April 24, 1996. *Harris v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000).

At the time the limitations period began to run, Lester had an application for post-conviction relief pending in state court. That petition was denied on June 9, 1997. Under the AEDPA, "the limitations period is tolled from the time an application for state post-conviction relief is initially filed until it is finally disposed of by the state courts, including times between denials of claims and appeals." *Spencer v. Sutton*, 239 F.3d 626, 629 (4th Cir. 2001) (citing *Hernandez v. Caldwell*, 225 F.3d 435, 438 (4th Cir. 2000)). This Court has stated that:

> under § 2244(d)(2) the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or *expiration of the period of time to seek further appellate review*), is tolled from the limitations period for federal habeas corpus petitioners who were already involved in state post-conviction proceedings on April 24, 1996.

*Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999) (emphasis added); *see also Carey v. Saffold*, __ U.S. __, 122 S. Ct. 2134, 2136, 2138 (2002). Neither the Supreme Court nor this court has specifically addressed the issue of whether the time for filing an appeal of the denial of post-conviction relief is counted in the tolling period when no notice of appeal is filed. In this case it makes no difference because, even if the period is included, Lester's § 2254 petition was untimely.

As stated above, Lester's second state post-conviction application was pending when the AEDPA's limitations period began running on April 24, 1996. The state court denied the application on June 9, 1997, and, under South Carolina's procedural rules, Lester had thirty days to appeal. *See* S.C.R. Civ. P. 71.1(f); S.C. App. Ct. R. 203(b), 227(b). Therefore, if the appeal period is included in the tolling, Lester's application for post-conviction relief was pending, and the AEDPA's statute of limitations did not begin to run, until July 9, 1997. Lester's third state application for post-conviction relief was filed on March 27, 1998, and dismissed on March 22, 1999. Thus, the AEDPA limitations period also was tolled beginning on March 27, 1998. The period was tolled, at the latest, until April 21, 1999, the date the time expired for Lester to appeal from the March 22, 1999, order dismissing his third application.

Counting the 260 days between Lester's second and third applications for post-conviction relief, and resuming the running of the limitations period on April 22, 1999, Lester had 105 days, or until August 4, 1999, to file his federal habeas petition. However, Lester did not file his § 2254 petition until, at the earliest, August 10, 1999.* Because Lester's § 2254 petition was untimely, Lester cannot meet the criteria for obtaining a certificate of appealability.

---

*We note that Lester's third state application for post-conviction relief was dated March 24, 1998, although it was not filed until March 27, 1998. Even if we considered the application to be filed as of March 24, 1998, the additional three days of tolling would have given Lester until Monday, August 9, 1999, at the latest, to file his § 2254 petition. Thus, his petition still would be untimely.

As part of its analysis, the district court discussed Rule 9(b) of the Rules Governing § 2254 Cases. This rule addresses second or successive § 2254 petitions. The district court appears to have discussed this rule in relation to Lester's multiple state habeas corpus petitions. We note that Rule 9(b) is inapplicable to Lester's case because the rule concerns second or successive federal § 2254 petitions, rather than state post-conviction petitions, and this was Lester's first § 2254 petition. In any event, Lester waived this issue by failing to raise it in his informal brief and, as discussed above, Lester's petition was untimely.

For these reasons, we deny a certificate of appealability and dismiss Lester's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*