**UNITED STATES, Plaintiff–Appellant,**

**v.**

**INN FOODS, INC., Defendant–Appellee.**

No. 04–1035.

United States Court of Appeals,
Federal Circuit.

Sept. 13, 2004.

Michael S. Dufault, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for plaintiff-appellant. With him on the brief were Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director; and Patricia M. McCarthy, Assistant Director.

Robert Scott Whiteley, Horton, Whiteley & Cooper, of Oakland, California, argued for defendant-appellee. With him on the brief was Craig A. Mitchell, of Newport Beach, California.

Before NEWMAN, RADER, and BRYSON, Circuit Judges.

BRYSON, Circuit Judge.

The government appeals the decision of the Court of International Trade dismissing the government's complaint against Inn Foods, Inc., as time-barred. *United States v. Inn Foods, Inc.*, 264 F.Supp.2d 1333 (Ct. Int'l Trade 2003); *United States v. Inn Foods, Inc.*, 276 F.Supp.2d 1359 (Ct. Int'l Trade 2003) (denying motion for reconsideration). Because we conclude that the complaint was filed within the period permitted by Inn Foods' waiver of the statute of limitations, we reverse.

I

The government filed suit against Inn Foods on December 14, 2001, alleging that Inn Foods deprived the government of duties on imported produce through the use of false importation documents, in violation of 19 U.S.C. § 1592. The government alleged that, from January 22, 1987, to January 19, 1990, the price of the produce declared by Inn Foods was less than Inn Foods and its importer, Seaveg, Ltd., actually paid for the produce.

Under 19 U.S.C. § 1621, the government had five years within which to bring an action against Inn Foods. That statute provides, in pertinent part:

> [I]n the case of an alleged violation of section 1592 or 1593a of this title, no suit or action (including a suit or action for restoration of lawful duties under subsection (d) of such sections) may be instituted unless commenced within 5 years after the date of the alleged violation or, if such violation arises out of fraud, within 5 years after the date of discovery of fraud....

At the government's request, Inn Foods agreed to waive the statute of limitations for a two-year period commencing on December 15, 1993. Inn Foods subsequently agreed to three additional two-year extensions of the waiver of the limitations period commencing on the 14th day of December in 1995, 1997, and 1999. With respect to the final two-year period, Inn Foods executed a waiver that provided:

> Inn Foods, Inc. hereby waives the period of limitations contained in Title 19, United States Code, Section 1621 ... for a period of TWO YEARS, commencing on December 14, 1999.

The government filed its complaint against Inn Foods in the Court of International Trade on December 14, 2001. Inn Foods moved to dismiss the complaint as time-barred, asserting that its waiver of the statute of limitations expired on December 13, 2001, one day prior to the filing

date of the complaint. The government argued that the waiver expired on the anniversary of the commencement date of the waiver, pursuant to Court of International Trade Rule 6(a) and the decision in *United States v. Neman Bros. & Associates,* 777 F.Supp. 962 (Ct. Int'l Trade 1991). The trial court agreed with the government that if the statutory limitations period were in issue, Rule 6(a) would apply and a filing on the anniversary date of the event from which the limitations period ran would be timely. The court refused to apply Rule 6(a) to the waiver of the limitations period, however. Instead, the court concluded that the plain meaning of the waiver document required that it be interpreted to mean that the waiver period "was to begin on December 14, 1999, and expired at 11:59 p.m. on December 13, 2001 (two years from the effective date of the waiver)."

In support of its interpretation of the waiver, the trial court concluded that Customs had a policy of counting the first day of any waiver period when computing the length of that waiver. The policy referred to by the court was stated in a Treasury Decision that provided:

Customs has adopted a policy permitting offers by a party to "waive" the statute of limitations for a period of not less than two years. It should be noted that the two-year period ordinarily commences from the date of the waiver, unless another commencement date is specified by the waiving party.

Treas. Dec. No. 90–11, 55 Fed.Reg. 3682 (Feb. 2, 1990).

The trial court distinguished *Neman* and several court of appeals opinions on the ground that they did not address the question whether Rule 6(a) of the Federal Rules of Civil Procedure or the Rules of the Court of International Trade is applicable to a waiver agreement that desig-

nates the day on which the waiver period begins to be counted.

The government moved the trial court for reconsideration, seeking to introduce documents that, according to the government, showed that Inn Foods understood the waiver to extend until December 14, 2001. The trial court refused to consider those documents, because the government had failed to introduce them prior to its motion for reconsideration and had not alleged that the documents were newly discovered.

II

The government argues that the trial court should have followed the earlier decision of the Court of International Trade in *United States v. Neman Bros. & Associates,* 777 F.Supp. 962 (Ct. Int'l Trade 1991). In *Neman,* the defendants waived the limitations period in 19 U.S.C. § 1621 for "one (1) year commencing August 1, 1988." *Id.* at 963. The court in *Neman* concluded that "[b]ecause Rule 6(a) of this Court is analogous to Fed. R. 6(a), and other precedent holds that the time computation method used in Fed. R. 6(a) applies to waivers, then the 'anniversary' method will be used in this case." *Id.* at 964. Applying the "anniversary" method, the *Neman* court concluded that "[t]he waiver period included August 1, 1989," the anniversary of the date on which the limitations period commenced. *Id.*

Inn Foods acknowledges that the anniversary method of calculating the limitation period set forth in Rule 6(a) would apply to the underlying statute of limitations, but argues that it should not apply to the waiver of the statute of limitations at issue in this case. According to Inn Foods, the plain meaning of the waiver language, "for a period of TWO YEARS, commencing on December 14, 1999," con-

templates that in counting the two-year period, the first day, December 14, 1999, is to be counted. If the first day is counted, the two-year period would expire on December 13, 2001.

Court of International Trade Rule 6(a), on which the *Neman* court relied, provides:

> (a) Computation. In computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included....

That Rule is identical to Federal Rule of Civil Procedure 6(a) in all relevant respects.

Both rules identify two separate points in time—the day of the event that triggers the running of a time period, and the day on which the time period begins to be counted. The rules provide that the time period begins to be counted on the day following the day of the event that triggers the beginning of the time period. Applying that counting method to this case would require us to conclude that the waiver began on December 14, 1999, but the counting of the two years did not begin until December 15, 1999. The final day of the waiver would then be December 14, 2001, the anniversary of the beginning of the waiver.

The parties agree that if the issue in this case were the method to be used for counting a statutory limitations period, Rule 6(a) would govern and the anniversary method of counting would be applied. Other courts concur, and the counting method of Federal Rule 6(a) has been applied in a variety of statutory contexts. For example, in *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.2001), quoting *Union Nat'l Bank v. Lamb*, 337 U.S. 38, 41, 69 S.Ct. 911, 93 L.Ed. 1190 (1949), the court wrote:

"Rule 6(a) is widely applied to federal limitations periods. The Supreme Court has held that because Rule 6(a) had the concurrence of Congress, it can apply to 'any applicable statute' in the absence of contrary policy expressed in the statute." *See also Am. Canoe Ass'n, Inc. v. City of Attalla*, 363 F.3d 1085, 1086 (11th Cir. 2004) ("This circuit has long recognized as a general policy a legislative intent to apply Rule 6(a) to all federal statutes enacted or amended after the adoption of Rule 6(a). That policy generally prevails unless the statute in question itself reflects a contrary intent."); *Bronaugh v. Ohio*, 235 F.3d 280, 284 (6th Cir.2000); *Lawson v. Conyers Chrysler, Plymouth, and Dodge Trucks, Inc.*, 600 F.2d 465, 466 (5th Cir. 1979) ("This court has consistently used Rule 6(a)'s method for computing federal statutory time limitations."). *See generally* 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1163 (2d ed.1987).

For purposes of choosing the method to use in computing time, we see no reason to treat a waiver of a statute of limitations, which is effectively a consensual extension of the limitations period, any differently than the underlying statute of limitations itself. *See, e.g., United States v. Guldman*, No. 03–00047, 2004 WL 909742 (Ct. Int'l Trade Apr. 28, 2004) ("The court has long analogized the computation of effective dates of statute of limitations waivers with the computation of the limitation periods themselves.").

Statutes of limitations (and waivers thereof) use a variety of verbal formulas to describe the starting date for the limitations period, such as "beginning on," "within one year from," "after," "within two years after," or "from" a specified date. In each of those instances, as in the case before us, the starting date of the limitations period is clearly specified. However,

it is often the case, and it is the case here, that the expiration date of the limitations period is not explicitly provided. Thus, "[t]he harder question is when the [limitations period] ends." *United States v. Marcello,* 212 F.3d 1005, 1008 (7th Cir. 2000).

Technically, if a two-year period commences as of an event that occurs at, for example, 3 p.m. on January 1, 2003, the two-year period will end at 2:59 p.m. on January 1, 2005. For that reason, using the "calendar method" of counting that Inn Foods advocates, which would count the day on which the limitations period commences, and would have the limitations period end on December 31, 2004, would result in a period of less than two years. The "calendar method" therefore does not provide an inherently more accurate gauge of the two-year period than the "anniversary method," even if the counting of the limitations period is considered to start at the time of the "beginning" or "commencement" of that period. The obvious practical advantage of either counting method over the more precise method is to avoid the need to inquire as to the exact time of day that the triggering event occurred, something that would often be difficult to ascertain.

As the Seventh Circuit has explained, "[b]oth the calendar-year and the anniversary method are reasonable—what matters is establishing an unequivocal rule that lets litigants know where they stand and spares judges from becoming enmeshed in such nitpicking in the future." *Marcello,* 212 F.3d at 1009–10. Rule 6(a) provides a means to avoid the confusion that arises in distinguishing between the event that triggers the beginning of a time period and the day on which the counting begins. "Because courts do not have stopwatches in hand when deadlines draw near, and because the anniversary date is clear and predictable and therefore easier for litigants to remember, for lawyers to put in their tickler files, and for courts to administer," the anniversary rule of Rule 6(a) is a sensible default rule. *Marcello,* 212 F.3d at 1010; *accord Patterson,* 251 F.3d at 1246 ("We are satisfied that Rule 6(a) provides a reasonable basis for determining the appropriate ending of the grace period.... [T]he 'anniversary method' of Rule 6(a) has the advantage of being easier for petitioners, their attorneys and the courts to remember and apply.").

Inn Foods does not take issue with any of those propositions, but argues that when the plain terms of a waiver depart from the method of computation dictated by Rule 6(a), there should be no presumption that the Rule's computation method applies. We agree, of course, that a waiver of the statute of limitations, like the statute of limitations itself, can be drafted to require a different method of computation than that specified in Rule 6(a). *See Am. Canoe Ass'n,* 363 F.3d at 1086 ("This policy [of applying Federal Rule 6(a) ] generally prevails unless the statute in question itself reflects a contrary intent."). The question in this case is thus whether the Inn Foods waiver expressed an intention to use a computation method different from that set forth in Rule 6(a).

The waiver in question here waived the limitations period "for a period of two years, commencing on December 14, 1999." The language of Rule 6(a) is instructive in construing the language of the waiver. Rule 6(a) provides that "the day of the act, event, or default from which the designated period of time begins to run shall not be included." Although the wording of the Inn Foods waiver differs from that of Rule 6(a), the message it conveys is essentially the same. The Inn Foods waiver specifies a period that "commenc[es] on" a certain date, while Rule 6(a) specifies a period of

time that "begins to run [from]" a certain date. Both phrases identify a starting date, the waiver identifying a "commencing" date and the Rule identifying a "begin[ning]" date. Because Rule 6(a) sets forth the default rule for computing the ending date of a limitations period, a limitations statute or waiver must have language that is clearly distinguishable from that of Rule 6(a) if it is to be construed to require a different counting method. In this case, the language of the waiver is quite close to that of the Rule and therefore is governed by the counting method dictated by the Rule.

Other courts of appeals have reached a similar conclusion with respect to limitations language similar to the language at issue in this case. Thus, for example, courts that have addressed the applicability of Federal Rule 6(a) to the statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides that the "limitation period shall run from" a certain date, have uniformly adopted the anniversary method of computation. See *Mickens v. United States,* 148 F.3d 145, 148 (2d Cir.1998); *Hernandez v. Caldwell,* 225 F.3d 435, 439 (4th Cir.2000); *Flanagan v. Johnson,* 154 F.3d 196, 202 (5th Cir.1998); *Bronaugh v. Ohio,* 235 F.3d 280, 284 (6th Cir.2000); *United States v. Marcello,* 212 F.3d 1005, 1009–10 (7th Cir.2000); *Moore v. United States,* 173 F.3d 1131, 1135 (8th Cir.1999); *Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir.2001). The *Patterson* court explained that "AEDPA does not provide an alternative method for computing time periods, and Congress has not otherwise expressed an intent to preclude the application of Rule 6(a)." 251 F.3d at 1246.

The AEDPA cases provide strong support for the government's argument that the waiver in this case should be construed in accordance with the anniversary method of Rule 6(a). The words "run[ning] from" and the words "commencing on" seem quite similar for purposes of determining how they should be construed for counting purposes. Both expressions denote the day on which the limitations period begins, but neither specifically identifies the day on which to start counting the limitations period or the day on which the limitations period ends. Yet because the limitations statute in the AEDPA, like the language in the waiver in this case, is silent as to the day on which to start counting the limitations period, the courts have looked to the computation method of Rule 6(a). We think the same approach is appropriate here.

The only contrary authority we have discovered is the Fifth Circuit's decision in *Federal Deposit Insurance Corp. v. Enventure V,* 77 F.3d 123, 125–26 (5th Cir. 1996). In that case, the Fifth Circuit held that a statute that referred to the limitations period as "beginning on [a certain] date" reflected an intention to apply a counting method different from that of Federal Rule 6(a). The *Enventure V* court explained that:

> The phrase "within one year" is vague as to when the limitations period is to begin and end and thus the court properly applied Rule 6(a) in determining the calculation of the limitations period. Such is not the case with the phrase "beginning on the date" which provides a specific reference to the beginning of the limitations period.

*Id.* at 125. The court concluded that "[t]he use of the word 'on' is clear and creates a more specific rule which overrides the application of Rule 6(a)." *Id.* at 126. With respect, however, we believe the *Enventure V* decision misses the point. It is true that the language "beginning on" a certain date provides a specific reference to the beginning of the limitations period. But it

does not state the ending date of the limitations period. Nor does it imply that the counting of the limitations period would be done differently than is specified in Rule 6(a), in which the starting date of the limitations period is not counted. The distinction between the starting date of the limitations period and the first day counted is illustrated by *Sain v. City of Bend,* 309 F.3d 1134, 1136–37 (9th Cir.2002), in which the court held that "Rule 3 of the Federal Rules of Civil Procedure ['A civil action is commenced by filing a complaint with the court'] tells us when the action 'commences' for purposes of the statute of limitations, and … Rule 6(a) tells us how to compute the time for purposes of Rule 3." The *Sain* court explained: "Because Rule 3 tells us when this action commences, Rule 6(a) applies, telling us how to compute 'any period of time prescribed or allowed by these rules.'" *Id.* at 1138.

The decision in *Enventure V* appears to be an anomaly. Moreover, it has been questioned by a later panel of the Fifth Circuit, which pointed out that *Enventure V* appears to be inconsistent with an earlier decision of the same circuit. *See Flanagan v. Johnson,* 154 F.3d 196, 202 n. 4 (5th Cir.1998) ("We note that *Enventure V* appears to be the only published case in our Circuit rejecting application of Rule 6(a) to a federal statutory limitation period. Moreover, the Court's holding in *Enventure V,* that Rule 6(a) does not apply to the limitation provision in § 1821(d) of the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), is in at least potential conflict with the Court's implicit application of Rule 6(a) to the same provision in *FDIC v. Bledsoe,* 989 F.2d 805, 811–12 (5th Cir.1993)."). In *Bledsoe,* the Fifth Circuit concluded that "[a]s the six year period began running on December 19, 1985, the FDIC's claim filed on December 18, 1991, was filed one day before the expiration of the limitations period, and thus was timely filed." 989 F.2d at 809. We therefore do not regard *Enventure V* as persuasive authority supporting the result reached by the trial court in this case.

The trial court relied heavily on the Customs Service policy set forth in Treasury Decision No. 90–11, 55 Fed.Reg. 3682 (Feb. 2, 1990), which provides that "the two-year period ordinarily commences from the date of the waiver, unless another commencement date is specified by the waiving party." The trial court's reliance is misplaced, however. The Customs policy states Customs' position as to the beginning date of a waiver. But it says nothing about Customs' position regarding the date on which counting should begin, nor does it suggest that the starting date for counting the limitations period should differ from the general rule set forth in Rule 6(a). Thus, the policy provides no support for selecting the counting method chosen by the trial court in this case.

In sum, statutes of limitations and waivers often identify the date on which a time period starts, but not the date on which the period ends. To avoid the confusion of choosing between two reasonable approaches for calculating the end date of the period—the anniversary method or the calendar-year method—courts have chosen to follow the guidance of Rule 6(a) absent clear language to the contrary in the statute or waiver in question. We adopt that approach. In the absence of evidence that the parties intended otherwise, a waiver of the statute of limitations that specifies only the starting date of the designated period should be construed to adopt the calculation method of Rule 6(a). Under that approach, the Inn Foods waiver expired on December 14, 2001.

*REVERSED AND REMANDED.*