NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
Is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1434

UNITED STATES,

Plaintiff-Appellee,

v.

LEONARD GULDMAN
and L&M FIRING LINE, INC.,

Defendants–Appellants.

_____

DECIDED:  February 18, 2005

_____

Before RADER, Circuit Judge, PLAGER, Senior Circuit Judge, and PROST, Circuit Judge.

RADER, Circuit Judge.

Leonard Guldman and L&M firing Line, Inc. (collectively, L&M) appeal the decision of the United States Court of International Trade denying their motion for summary judgment on the questions of whether service of the summons and complaint were improper, precluding that court from exercising personal jurisdiction over defendants; and if not improper, whether the statute of limitations bars the government's claims. United States v. Leonard Guldman, Inc., 343 F. Supp. 2d 1219 (Ct. Int'l Trade 2004)  Because we conclude that service was proper and the complaint was filed within the period permitted by L&M's waiver of the statute of limitations, this court affirms.

Summons was served on defendants in this case by a "Special Agent Investigative Assistant" employed by United States Customs. This court agrees with the Court of International Trade that 19 U.S.C. § 1589a(2) controls this issue, and affirms its decision that service was proper. See also United States v. Kahn, 2004 U.S. Dist. LEXIS 26636 (M.D. Fla., Nov. 29, 2004).

The additional question here is whether a waiver for a period of one year "commencing with the date of execution" and executed on February 5, 2002, was still in effect on February 5, 2003, when the Government filed its complaint in the Court of International Trade. This court treated an almost identical question in United States v. Inn Foods, Inc., 383 F.3d 1319 (Fed. Cir. 2004). Inn Foods also dealt with a waiver agreement between an importer and Customs, in that case written "for a period of two years, commencing on December 14, 1999." Id. at 1323. This court compared the waiver of Inn Foods to the wording in the Court of International Trade Rule 6(a), which regulates the procedure applicable for computing any time period prescribed or allowed by the rules. Rule 6(a) specifies a period of time that "begins to run [from]" a certain date, and also that "the day of the act, event, or default from which the designated period of time begins to run shall not be included." This court found that although the wording of the Inn Foods waiver differed from that of Rule 6(a), the message it conveyed was the same: both phrases identify a starting date, defined in the waiver as a "commencing" date and in the Rule as a "begin[ning]" date. Id. at 1324. The wording of the waiver in Inn Foods was similar enough to that of Rule 6(a) to justify application of Rule 6(a)'s calculation method, which does not include the commencement date.

The waiver in this case specified a period "commencing with the date of execution," and is not clearly distinguishable from that of <u>Inn Foods</u>. Therefore, the waiver in this case identifies a "commencing" date as did that in <u>Inn Foods</u>. The waiver in this case, "commencing with" February 5, 2002, was therefore still in effect on February 5, 2003, when Customs timely filed its complaint in the Court of International Trade.

04-1434                                    3