**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-6844

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH MCCOY POWELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.   Terrence W. Boyle, District Judge.   (2:93-cr-00004-BO; 2:98-cv-28-BO)

Submitted:  November 28, 2007      Decided:  December 14, 2007

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Joseph McCoy Powell, Appellant Pro Se.  Steve R. Matheny, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joseph McCoy Powell seeks to appeal the district court's order denying relief on his Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's previous order dismissing as untimely his 28 U.S.C. § 2255 (2000) motion, and a subsequent order denying his Fed. R. Civ. P. 59(e) motion to alter or amend judgment. The orders are not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000); Reid v. Angelone, 369 F.3d 363, 369 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude that Powell has not made the requisite showing.* Accordingly, we deny a certificate of

---

*Because Powell's convictions became final prior to the effective date of the AEDPA, he had until April 24, 1997 (one year after the effective date of the statute), to file his § 2255 motion. Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000). We therefore agree with Powell that the district court erred in concluding that he had only until November 28, 1995, to file a timely § 2255 motion. However, we conclude that a certificate of appealability is not warranted because the district

appealability, deny leave to proceed in forma pauperis, and dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

court correctly held that Powell's Rule 60(b) motion was not timely.